UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD SEEKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, DENNIS A. MUILENBURG, and GREGORY D. SMITH,<br><br>Defendants. | Case No. 1:19-cv-02394<br><br>CLASS ACTION<br><br>Judge John J. Tharp Jr. |
| MERCER BUSCH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, DENNIS A. MUILENBURG, GREGORY D. SMITH, and KEVIN McALLISTER,<br><br>Defendants. | Case No. 1:19-cv-03548<br><br>CLASS ACTION<br><br>Judge Jorge L. Alonso |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE BOEING INVESTOR GROUP TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF, AND APPROVE SELECTION OF LEAD COUNSEL**

010815-11 1133983 V1

## I.     INTRODUCTION

Two related securities class actions brought on behalf of purchasers of Boeing securities are pending in this Court: (1) *Seeks v. The Boeing Company, et al.*, Case No. 1:19-cv-02394; and (2) *Busch v. The Boeing Company, et al.*, Case No. 1:19-cv-03548 (collectively, the "Related Actions").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because each asserts substantially identical claims against substantially identical defendants on behalf of a class of investors that purchased Boeing securities during a similar Class Period.  *See* Fed. R. Civ. P. 42(a); §III.A., *infra*.

After consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The PSLRA defines the lead plaintiff as the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Movants Richard Eads, Joseph Fields, John Armstrong, Richard Miller, and Pierre Givenchy (hereinafter the "Boeing Investor Group", "Movants", or the "Group") respectfully submit the Court should appoint them as lead plaintiff because the Group: (1) timely filed this Motion; (2) has the largest known financial interest in the relief sought; and (3) will adequately represent the class's interests.  *See* Certifications and Loss Charts, Declaration of Reed R. Kathrein ("Kathrein Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii) and *Constr. Workers Pension Tr. Fund v. Navistar Int'l Corp.*, No. 13 C 2111, 2013 WL 3934243, at *2 (N.D. Ill. July 30, 2013); *Charles Dechter Family Tr. v. Anicom, Inc.*, No. 00 CV 4391, 2000 WL 1499279, at *1 (N.D. Ill. Oct. 3, 2000).  Alternatively, if the

Court determines that a single plaintiff would be more appropriate in this action, each member of the Boeing Investor Group hereby moves to be appointed individually.

Finally, the Court should approve Movants' selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class. Given the firm's substantial relevant experience and resources, Hagens Berman is qualified to prosecute the class's claims.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Boeing, together with its subsidiaries, is one of the world's major aerospace firms. The Company operates in four reportable segments: (a) Commercial Airplanes ("BCA"); (b) Defense, Space & Security ("BDS"); Global Services ("BGS"); and, Boeing Capital (BCC"). Boeing's securities trade on the New York Stock Exchange ("NYSE") under the stock symbol "BA." At all times during the Class Period, Defendant Dennis A. Muilenburg was the Company's Chief Executive Officer ("CEO") and Chairman of its Board of Directors (the "Board"), Defendant Gregory D. Smith was the Company's Chief Financial Officer ("CFO") and Executive Vice President of Enterprise Performance & Strategy, and Defendant Kevin McAllister was the President and CEO of Boeing's BCA division.

On April 9, 2019, the first of the two Related Actions, *Seeks v. The Boeing Company, et al.*, Case No. 1:19-cv-02394 (N.D. Ill.), was filed against Defendants Boeing, Muilenburg, and Smith in the United States District Court for the Northern District of Illinois on behalf of all purchasers of Boeing securities between January 8, 2019 and March 21, 2019.

On May 28, 2019, just two weeks before the lead plaintiff deadline, a second related action, *Busch v. The Boeing Company, et al.*, Case No. 1:19-cv-03548 (N.D. Ill.), was filed. The *Busch* action named an additional individual defendant – Defendant McAllister – and expanded the class period through May 8, 2019 based on alleged disclosures occurring after the filing of the *Seeks* action. The Boeing Investor Group reserves the right to contest this extended Class

Period if it appears that the complaint alleging the longer Class Period was filed in order to squeeze in an otherwise inadequate investor into the lead plaintiff positions.

The gravamen of each of the Related Actions is Defendants' violations of federal securities laws for false and misleading statements regarding the safety features of Boeing's 737 MAX airplanes and the oversight and certification of Boeing's Maneuvering Characteristics Augmentation System ("MCAS"). These false and misleading statements caused the price of Boeing securities to be artificially inflated, and thereby resulted in the damages suffered by Movants and the other members of the class.

On April 9, 2019, Plaintiff Seeks's counsel, Hagens Berman, published a notice of pendency of that action over the national wire service, *BusinessWire*. Kathrein Decl., Ex. C (Published Notice). That notice advised class members of the existence of the lawsuit and described the claims asserted. *Id*.

### III. ARGUMENT

**A.     The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). To date, Movants are aware of the two above-captioned Related Actions in this District against Defendants. Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 WL 193393, at *2 (N.D. Ill. Feb. 7, 2002) (consolidating securities class actions). Here the Related Actions are based upon essentially the same alleged misconduct between January 8, 2019 and March 21, 2019, name essentially the same Defendants, and assert many of the same claims. The second complaint

continues the class period and pulls in alleged disclosures. Regardless, given the similarity of the initial claims, consolidation of these cases will result in substantial savings of judicial time and effort. *Taubenfeld v. Career Educ. Corp.*, No. 03 C 8884, 2004 WL 554810, at *1 (N.D. Ill. Mar. 19, 2004). Accordingly, the Related Actions should be consolidated for all purposes.

**B.     Movants Should Be Appointed Lead Plaintiff**

**1.     The Governing Law of the PSLRA**

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA requirements are both procedural and substantive. *Id*. The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing*** the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The PSLRA provides that the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movants meet these requirements and should, therefore, be appointed Lead Plaintiff.

**2.     Movants' Motion is Timely**

The pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.

15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice published in this action on April 9, 2019 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by June 10, 2019.  *See* Notice, Kathrein Decl., Ex. C.  Because Movants filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 3. Movants Have the Largest Known Financial Interest

In deciding "the largest financial interest in the relief sought by the class," courts in this district tend to consider four criteria, known as the *Lax* factors: (i) the gross number of shares purchased; (ii) the net number of shares purchased; (iii) the net funds spent; and (iv) the net loss suffered.  *Lax v. First Merch. Acceptance Corp.*, 97-CIV-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  Courts generally find the fourth factor to be the "most salient factor in assessing the lead plaintiff."  *Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc*., No. 12 C 3297, 2012 WL 5471110, at *2 (N.D. Ill. Nov. 9, 2012) (*citing Lax*, 1997 WL 461036, at *5).

During the Class Period, in total, Movants expended suffered losses of $751,740.75.  *See* Certifications and Loss Charts, Kathrein Decl., Exs. A, B.  To the best of Movants' counsel's knowledge, there is no other plaintiff with a larger financial interest than Movants.  Therefore, Movants satisfy the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 4. Movants Will Adequately Represent the Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff appointment stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a "preliminary showing" that it satisfies the typicality and adequacy requirements of Rule 23.  *Johnson v.*

*Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002); see also *In re Motorola Sec. Litig.*, No. 03 C 287, 2003 WL 21673928, at *3 (N.D. Ill. July 16, 2003) ("In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations.") (*citing Tellabs, Inc.*, 214 F.R.D. at 228). Under Rule 23(a), a class member's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Sokolow v. LJM Funds Mgmt.*, No. 18-cv-01039, 2018 WL 3141814, at *6 (N.D. Ill. June 26, 2018) (*citing Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998)).

The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have claims that are antagonistic or in conflict with those of the class, has sufficient interest in the outcome of the case to ensure zealous advocacy, and is represented by competent, experienced, and capable counsel. *Motorola*, 2003 WL 21673928, at *4.

### a. Movants are Typical

Movants purchased a substantial amount of Boeing securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and suffered damages when the truth was finally revealed to the market. Movants' claims therefore arise from the same factual predicate as those in the Related Actions. *See Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992). Accordingly, Movants satisfy the typicality requirement.

### b. Movants are Adequate

Movants' and the Class's interests are perfectly aligned. Both Movants and the Class seek to recover losses caused by the Defendants' fraud. In addition, as explained below, Movants have selected a highly qualified firm with significant experience prosecuting class action lawsuits under the federal securities laws to serve as Lead Counsel for the Class, which

Movants will actively oversee. Moreover, Movants have demonstrated an ongoing cooperation and ability to effectively oversee this litigation. *See* Ex. E. Finally, Movants are not subject to impediments or unique defenses and there is no evidence that the Group seeks anything other than the greatest recovery for the class consistent with the merits of the claims. *Id*. Accordingly, Movants have demonstrated the ability to adequately represent the Class.

**C.     The Court Should Approve Movants' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Kathrein Decl., Ex. D. Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *See Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 WL 3141763, at *6 (N.D. Ill. June 26, 2018) ("Given the extensive experience of [proposed Lead Counsel] in the area of securities law, the Court approves them as counsel in this case."). Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. D at page 31. Hagens Berman has served as Lead Counsel or Co-lead Counsel in several high-profile securities fraud and other class actions. *See* Ex. D at page 32. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, the Boeing Investor Group respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movants as Lead Plaintiff pursuant to the PSLRA; and (3) approve Movants' selection of Hagens Berman to serve as Lead Counsel. Alternatively, if the Court determines that a single plaintiff would be more appropriate in this action, the Court should appoint one of the members of the Boeing Investor Group and approve his selection of counsel.

DATED: June 10, 2019

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Reed R. Kathrein*
    Reed R. Kathrein

Danielle Smith
Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for Proposed Lead Plaintiff Boeing Investor Group*

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

>*/s/ Reed R. Kathrein*
>REED R. KATHREIN