# Exhibit 1

Case: 1:19-cv-02394 Document #: 366-3 Filed: 11/15/24 Page 2 of 12 PageID #:8857

V. AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

UNITED STATES DISTRICT COURT
for the
District of Illinois

| | |
|---|---|
| IN RE THE BOEING COMPANY AIRCRAFT SECURITIES LITIGATION | ) ) ) ) ) ) No. 1:19-cv-02394<br><br>Honorable Nancy L. Maldonado |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: J. Michael Luttig
c/o Katherine R. Katz, Kirkland & Ellis LLP, 1301 Pennsylvania Avenue NW, Washington, D.C. 20004

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: *See Schedule A.*

| Place: Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue of the Americas<br>New York, NY 10020 | Date and Time: April 14, 2023 at 9 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/24/2023

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

*/s/ Veronica V. Montenegro*
*Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Veronica V. Montenegro, Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020; Tel: (212) 554-1400; veronica.montenegro@blbglaw.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. <u>1:19-cv-02394</u>

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

 ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ .

 ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true.

Date: _____

                   _____
                          *Server's Signature*

                   _____
                         *Printed Name and title*

                   _____
                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

The following definitions and instructions apply to the following document requests:

## DEFINITIONS

1. All defined terms shall have the meanings ascribed herein, whether or not capitalized in these requests.

2. "737 MAX" means the Boeing 737 MAX narrow-body aircraft, first flown in 2016 and discussed throughout the Complaint.

3. "Angle of Attack" or "AoA" means the angle between the aircraft and oncoming airflow.

4. "Boeing" means The Boeing Company and all of its divisions, affiliates, predecessors, successors, present and former officers, directors, employees, agents, accountants and advisors, and all other persons acting, purporting to act, and/or authorized to act on its behalf.

5. "Communications" means the transmission, sending, or receipt of information in any form, oral or written, including voicemails, letters, electronic mail, text messages, instant messages, or other correspondence.

6. "Complaint" means the Consolidated Class Action Complaint in the action *In re the Boeing Company Aircraft Securities Litigation*, No. 1:19-cv-02394 (N.D. Ill.), filed on February 14, 2020, attached hereto as Exhibit A.

7. "Concerning" means reflecting, relating to, referring to, regarding, describing, discussing, evidencing, addressing, or constituting in any way.

8. "Delaware Derivative Action" means *In re The Boeing Company Derivative Litigation Consol.*, C.A. No. 2019-0907-MTZ (Del. Ch.), including any demand for books and records of Boeing by any plaintiff in the Delaware Derivative Action.

9. "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall have the broadest meaning under that Rule. A draft or non-identical copy is a separate document within the meaning of this term. For the avoidance of any doubt, Documents includes Communications. Documents shall include letters and other correspondence, meeting minutes and/or transcripts, analyses (including functional hazard analyses or TARAMs), memoranda, and presentations, electronic mail, text messages, instant messages, voice mails, and electronic chats.

10. "DOJ" means the United States Department of Justice.

11. "DOJ Criminal Action" means the DOJ's investigation into Boeing concerning the 737 MAX, including the deferred prosecution agreement entered into by Boeing, the DOJ's Criminal Division, Fraud Section, and the United States Attorney's Office for the Northern District of Texas on or around January 7, 2021 pursuant to Dkt. No. 4, *United States of America v. The Boeing Company*, No. 4:21-cr-00005-O (N.D. Tex. Jan. 7, 2021).

12. "Earl Action" means *Earl v. Boeing*, No. 4:19-cv-00507 (E.D. Tex.).

13. "ESI" means "electronically stored information" and is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a)(1)(A) and shall have the broadest meaning under that Rule and the local rules.

14. "Includes" and "including" mean including, but not limited to.

15. "Mass Tort Action" means *In Re Ethiopian Airlines Flight ET 302 Crash*, No. 1:19-cv-02170 (N.D. Ill.).

16. "MCAS" means the Maneuvering Characteristics Augmentation System that Boeing installed on the 737 MAX.

17. "Muilenburg" means Dennis A. Muilenburg, the former Chief Executive Officer and Chairman of the Board of Directors of Boeing.

18. "SEC" means the United States Securities and Exchange Commission.

19. "SEC Action" means the SEC's investigation into Boeing concerning the 737 MAX, including the SEC's orders instituting cease-and-desist proceedings against Boeing and Dennis A. Muilenburg on September 22, 2022, identified as Administrative Proceeding File Nos. 3-21140 and 3-21141, respectively.

20. "SWAPA Actions" means any litigations filed by Southwest Airlines Pilots Association against Boeing related to the grounding of the 737 MAX.

21. "You" and "Your" means J. Michael Luttig.

## INSTRUCTIONS

1. All requests shall be construed pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

2. In producing Documents and other materials, You are requested to furnish all Documents (including ESI) or things (including Electronic Media) in Your possession, custody or control, regardless of whether the Documents or materials are possessed directly by You or by Your attorneys or their agents, employees, representatives, or investigators.

3. Pursuant to Federal Rule of Civil Procedure 45(e), Documents shall be produced as they are kept in the usual course of business in their original folders, binders, covers, and containers or facsimile thereof, or, with respect to ESI, in either TIFF or native format. In the alternative, You shall organize and label the Documents to correspond with the categories in these Requests. If an original Document is not in Your custody, then You are to produce a copy thereof, and all non-

identical copies which differ from the original or from the other copies produced for any reason including the making of notes thereon.

4. ESI responsive to these Requests shall be produced with the metadata and should not be produced in a form that removes or degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

5. A copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document—whether by reasons of Metadata that differ in any respect, or by reason of any handwritten or other notation or any omission—constitutes a separate Document and must be produced, whether or not the original of the Document is within Your possession, custody, or control. Accordingly, all prior versions and all drafts of all Documents and emails must be produced.

6. "All," "any," and "each" are each to be construed as encompassing "any" and "all."

7. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document Requests all responses that might otherwise be construed to be outside their scope.

8. The use of a verb in any tense is to be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the Requests all responses that might otherwise be construed to fall outside their scope.

9. The use of the singular form of any word includes the plural and vice versa.

10. Each Request should be construed independently. No Request should be construed by reference to any other Request if the result is a limitation of the scope of the response to such Request.

11. If no Documents or materials exist that are responsive to a particular Request, state so in writing.

12. If You redact information or otherwise withhold information or Documents (including attachments to Documents) responsive to these document requests based upon any claim of privilege (including work product), or for any other reason, provide a log that includes all necessary information to evaluate a claim of privilege (if the privilege is governed by state law, indicate the jurisdiction whose privilege rule is being invoked), including, but not limited to: (i) the specific privilege asserted or other particular reason relied upon for not producing the Document or information; (ii) the date of the Document and any different date when it was prepared; (iii) the author, addressee(s) and copy(s) of each document; (iv) the subject matter of the Document or information withheld; (v) the medium (e.g., paper or electronic); (vi) the type (e.g., letter, memorandum, presentation); (vii) any other information as is sufficient to identify the Document for a subpoena duces tecum, including the author of the Document, the addressees of the Document, any other recipients shown in the Document, and the relationship of the author, addressees, and recipients to each other; and (viii) every fact or basis upon which You claim any privilege.

13. Notwithstanding the assertion of any objection to production, any Document as to which an objection is raised containing non-objectionable matter that is responsive to these Requests must be produced, but that portion of the Document for which the objection is asserted may be withheld or redacted provided that the Document is marked with the legend "Redacted" so as to reflect all portions that have been redacted, and provided that the requested information in Instruction No. 12 above is furnished.

14. These Requests are continuing so as to require supplemental responses as specified in Federal Rule of Civil Procedure 26(e). Each supplemental response shall be served on Plaintiffs within five (5) business days of the discovery or creation of such additional Documents.

## RELEVANT TIME PERIOD

The requests are for Documents regardless of the date created.

## DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents, document requests and correspondence concerning any litigation, investigation, or other such matter concerning the 737 MAX, including the DOJ Criminal Action, SEC Action, Delaware Derivative Action, Earl Action, Mass Tort Action, and SWAPA Actions, including all documents You produced, and any transcripts and exhibits from testimony You provided.

**DOCUMENT REQUEST NO. 2:**

All Documents concerning pilot training with respect to the 737 MAX, including all Documents concerning the necessity or non-necessity of simulator training for the 737 MAX.

**DOCUMENT REQUEST NO. 3:**

All Documents concerning MCAS, including all Documents concerning:

a) Any actual, potential, perceived, or anticipated impacts of MCAS, or any changes thereto, on certification and pilot training for the 737 MAX;

b) MCAS's authority, scope, and operational parameters;

c) The risk of any uncommanded MCAS activation and any processes or procedures for addressing it, including whether pilots would be required to manually (rather than electronically) trim the plane, and the pilot response time for each such process or procedure;

d) The risk, hazard, and impact of multiple uncommanded MCAS activations, including the pilot response time for addressing multiple uncommanded MCAS activations;

  e)  The use of a single AoA sensor as an input into MCAS, including the safety of such a system or configuration;

  f)  The possibility of using multiple AoA sensors as inputs to MCAS; and

  g)  The inclusion in the 737 MAX, whether optional or not, of an "AOA Disagree Alert" or similar alert that any AoA sensors were registering disagreements with one another.

**<u>DOCUMENT REQUEST NO. 4</u>**:

All Documents concerning any crash of a 737 MAX plane, including all Documents concerning the October 29, 2018 crash of Lion Air Flight 610 and all Documents concerning the March 10, 2019 crash of Ethiopian Airlines Flight 302.

**<u>DOCUMENT REQUEST NO. 5</u>**:

All Documents concerning any Communications with Edward Pierson concerning the 737 MAX or the issues raised by Mr. Pierson in any such Communications, including the January 2019 call referenced in ¶168 and ¶338 of the Complaint, the February 2019 email referenced in ¶169 and ¶338 of the Complaint and the letter to Boeing's Board referenced in ¶170 and ¶339 of the Complaint.

**<u>DOCUMENT REQUEST NO. 6</u>**:

All Documents concerning any statements made by Boeing or Muilenburg regarding MCAS or the safety of the 737 MAX.

**<u>DOCUMENT REQUEST NO. 7</u>**:

All Documents concerning any Communications with Muilenburg regarding the safety of the 737 MAX.

**<u>DOCUMENT REQUEST NO. 8</u>**:

All Documents concerning Your departure or termination from Boeing.

**DOCUMENT REQUEST NO. 9**:

To the extent not already included in response to any of the foregoing requests, all Documents in Your possession, custody, or control concerning the safety of the 737 MAX.

8