**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| | ) | |
| IN RE THE BOEING COMPANY | ) | Case No. 1:19-cv-02394 |
| AIRCRAFT SECURITIES LITIGATION | ) | |
| | ) | |
| | ) | Hon. Franklin U. Valderrama |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT REGARDING
DEFENDANTS' APPEAL UNDER RULE 23(f)**

Plaintiffs unilaterally filed with the Court a document captioned "Plaintiffs' Status Report Regarding Defendants' Appeal Under Rule 23(f)" (Dkt. No. 499) without ever consulting with Defendants. This improper unilateral submission misstates both (i) the relationship between Defendants' appeal pending before the Seventh Circuit and Plaintiffs' motion for limited reconsideration pending before this Court and (ii) the Court's "consideration" of Dr. David Tabak's merits damages report in its class-certification decision.

*First*, Plaintiffs' assertion that their motion for limited reconsideration somehow might "moot" Defendants' appeal is false. Last week, the Seventh Circuit granted Defendants leave to appeal this Court's class-certification order under Rule 23(f). Defendants' Rule 23(f) petition challenging the grant of class certification includes two broad questions presented:

> 1. Whether plaintiffs satisfied their evidentiary burden under *Comcast* by having their expert recite the generally applicable rule for measuring damages for securities claims and promise to develop a methodology for applying that rule to the particular facts of the case at a later date.

     2.  Whether the district court, in finding that plaintiffs proved that Boeing options trade in efficient markets, erred by refusing to resolve a "battle between the experts" or to apply the well-recognized factors typically used to assess market efficiency.

*In re The Boeing Co. Aircraft Sec. Litig.*, No. 26-8007 (7th Cir. Mar. 30, 2026) (Dkt. No. 1).  By contrast, Plaintiffs' motion for limited reconsideration seeks to modify only one small part of the Court's decision:  the Court's ruling that Dr. Tabak's assumption that the 737 MAX would have been grounded at the start of the class period absent the alleged misstatements is inconsistent with the materialization-of-the-risk theory that Plaintiffs alleged in their Amended Complaint and asserted in opposition to Defendants' motion to dismiss.  Dkt. 489-1 at 1.  There is zero chance that the Court's ruling on that narrow question will "moot" Defendants' appeal.

     *Second*, Plaintiffs suggest that this Court "had and considered Dr. Tabak's full damages report" in deciding class certification, which "alone moots Defendants' argument" under *Comcast*.  Dkt. No. 499 at 2.  To the contrary, when Plaintiffs attempted to inject that report into the class-certification record four days before the Court issued its ruling, the Court *denied* Plaintiffs' motion to supplement the record without even waiting for a response from Defendants.  Dkt. No. 486 at 23 n.6.  Plaintiffs never sought reconsideration of that ruling, and they cannot do so now.

     Plaintiffs' further suggestion that this Court "likely will *again* review Dr. Tabak's full damages report in connection with Plaintiffs' motion for reconsideration further mooting Defendants' *Comcast* arguments" (Dkt. No. 499 at 2-3 (emphasis added)) appears to be a thinly veiled and improper invitation to expand the scope of that motion.  The only question presented for reconsideration is whether the Court properly concluded that one of the damages analyses proposed in Plaintiffs' class-certification papers—based on the assumption that the 737 MAX would have been grounded after the Lion Air accident but for the alleged misstatements—was inconsistent with Plaintiffs' reliance on a materialization-of-the-risk theory of loss causation.

Based on the Amended Complaint, Plaintiffs' opposition to Defendants' motion to dismiss, and Plaintiffs' class-certification papers, the Court held that this damages analysis cannot be used because it is inconsistent with Plaintiffs' prior theory.  Dkt. No. 486 at 39-42.  As Defendants explained in opposing reconsideration, that ruling was entirely correct and certainly not manifest error.

Dated:  May 12, 2026

Respectfully submitted,


/s/ John F. Hartmann
_____

**KIRKLAND & ELLIS LLP**
John F. Hartmann, P.C.
Brenton A. Rogers
333 West Wolf Point Plaza
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
john.hartmann@kirkland.com
brogers@kirkland.com

Craig S. Primis, P.C. (*pro hac vice*)
Katherine R. Katz (*pro hac vice*)
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 389-5000
Facsimile:  (202) 389-5200
cprimis@kirkland.com
katherine.katz@kirkland.com

Kenneth Monroe (*pro hac vice*)
200 Clarendon Street
Boston, Massachusetts  02116
Telephone:  (617) 385-7500
Facsimile:  (617) 385-7501
kenneth.monroe@kirkland.com

Brad Masters (*pro hac vice*)
95 South State Street
Salt Lake City, Utah  84111
Telephone:  (801) 877-8090
Facsimile:  (801) 877-8101
brad.masters@kirkland.com

/s/ Richard C. Pepperman II
_____

**SULLIVAN & CROMWELL LLP**
Richard C. Pepperman II (*pro hac vice*)
Benjamin R. Walker
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
peppermanr@sullcrom.com
walkerb@sullcrom.com

David N. Whalen
1700 New York Avenue, N.W., Suite 700
Washington, D.C.  20006
Telephone:  (202) 956-7500
Facsimile:  (202) 293-6330
whalend@sullcrom.com

*Counsel for Defendants*